```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
DR. EMMANUEL OKEREKE,                 :  14 Civ. 3368 (LAK) (JCF)
                                      :
          Plaintiff,                  :      REPORT AND
                                      :      RECOMMENDATION
                                      :
   - against -                        :
                                      :
JOHN CHARLES ALLEN, ESQ.,             :
                                      :
          Defendant.                  :
                                      :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:

The plaintiff, Emmanuel Okereke, brings this action against his former attorney, John Charles Allen, Esq., asserting a claim of legal malpractice. Mr. Allen has moved to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure[1] on the grounds that: (1) this court lacks subject-matter jurisdiction over the plaintiff's claims; (2) venue is not proper; (3) the plaintiff has not stated a claim upon which relief can be granted; and (4) the plaintiff's claims are precluded under principles of res judicata. Mr. Allen also seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, arguing that the action is frivolous, amounts to improper forum shopping, and was brought without first obtaining a credible Affidavit of Merit. Finally,

---

[1] In an order dated May 7, 2015, I deemed Mr. Allen's undated letter to the Honorable Lewis A. Kaplan, U.S.D.J. (Docket No. 12) together with the exhibits attached to his notice of motion (Docket No. 10) to be a motion to dismiss.

Mr. Allen has moved to vacate a certificate default entered against him.  For the reasons that follow, I recommend that the defendant's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction be denied; that his motion to dismiss pursuant to Rule 12(b)(3) for improper venue be granted in part and the suit be transferred to the United States District Court for the District of New Jersey for further proceedings; and that the remaining motions be denied without prejudice to renewal in that forum.

Background

On December 22, 2010, Dr. Okereke retained Mr. Allen to represent and counsel him in connection with a legal action involving Ross University School of Medicine ("RUSM") in New Jersey.  (Complaint ("Compl."), ¶ 12; Agreement to Provide Legal Services dated Dec. 22, 2010, attached as part of Exh. 1 to Notice of Motion to Dismiss ("Notice of Motion"), at 30-38[2]).  Mr. Allen is licensed to practice law in New Jersey and his practice is confined to that state.  (Compl., ¶ 11; Certification of John C. Allen, Esq. dated March 9, 2015 ("Allen Cert."), attached as part of Exh. 1 to Notice of Motion, at 1, ¶ 2).  On February 8, 2011, he commenced an action on Dr. Okereke's behalf against RUSM in the

---

[2] Because the documents attached to the Notice of Motion have confusing exhibit and page designations, the exhibit and page numbers referred to here are those assigned by the Court's Electronic Case Filing system.

Superior Court of New Jersey, Middlesex County. (Verified Complaint ("RUSM Compl."), Okereke v. Ross University School of Medicine, No. L-1137-11 (N.J. Super. Ct. Law Div., Feb. 8, 2011), attached as part of Exh. 1 to Notice of Motion, at 41-50). The complaint alleged discrimination, tortious interference with contract, damage to reputation, and breach of contract. (RUSM Compl., ¶¶ 31-48). While the exact goals of the underlying litigation against RUSM remain in dispute, Dr. Okereke alleges here that he sought to be reinstated as a student at RUSM, to pursue monetary damages, to be permitted to sit for the United States Medical Licensing Exam ("USMLE"), to acquire a Doctor of Medicine (M.D.) Degree, and to begin a paid residency in a United States hospital by 2009. (Compl., ¶¶ 14, 15). On July 27, 2012, the action against RUSM was dismissed with prejudice due to the plaintiff's failure to provide responsive answers to interrogatories and document demands. (Declaration of Emmanuel Okereke dated June 15, 2015 ("Okereke 6/15/15 Decl."), ¶¶ 11-14).

On May 9, 2014, Dr. Okereke filed the instant action. At that time, he resided in Armonk, New York and Mr. Allen lived in New Brunswick, New Jersey. (Civil Cover Sheet, attached as part of Exh. A to Declaration of Christopher J. Cassar dated March 3, 2015 ("Cassar Decl.") at 2). Dr. Okereke alleges that Mr. Allen acted negligently, improperly and without reasonable skill, diligence,

3

and knowledge in representing him in the action against RUSM. (Compl., ¶ 20). Furthermore, Dr. Okereke asserts that Mr. Allen's malpractice resulted in damages including financial loss, anguish, and aggravation. (Compl., ¶ 22).

On October 3, 2014, a certificate of default was entered by the Clerk of Court when Mr. Allen failed to answer or otherwise move with respect to the Complaint. (Certificate of Default at 1). Thereafter, the defendant submitted the instant motion to vacate the default and dismiss the complaint.

Discussion

A. Venue

Under 28 U.S.C. § 1391(b), venue in a diversity action may arise (1) from a defendant's residence in the forum state; (2) from the occurrence of a "substantial part of the events or omissions giving rise to the claim" or the presence of a substantial part of the property at issue in the forum state; or (3) "if there is no district in which the action may otherwise be brought," from the fact that a defendant is subject to personal jurisdiction in the forum state. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 105-06 (2d Cir. 2006). "Once an objection to venue has been raised, the plaintiff bears the burden of establishing that venue is proper." French Transit, Ltd. v. Modern Coupon Systems, Inc., 858 F. Supp. 22, 25 (S.D.N.Y. 1994); accord Bank of America, N.A. v. Wilmington

Trust FSB, 943 F. Supp. 2d 417, 421 (S.D.N.Y. 2013).  In deciding a claim of improper venue, a "Court must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor."  Matera v. Native Eyewear, Inc., 355 F. Supp. 2d 680, 681 (E.D.N.Y. 2005).

Venue in this action does not arise from the defendant's residence in the forum state under 28 U.S.C. § 1391(b)(1), as it is undisputed that Mr. Allen is a resident of New Jersey.  (Letter of John C. Allen, Esq. dated March 10, 2015, at 2).  Nor does the fact that Dr. Okereke lives in this district (Civil Cover Sheet at 2; Okereke 6/15/15 Decl. at 8) support venue; indeed, in 1990 Congress amended Section 1391 primarily to remove the plaintiff's residence from consideration for purposes of venue.  See 14D Charles Alan Wright et al., Federal Practice and Procedure § 3806.1 (4th ed. 2015); MB Financial Bank, N.A. v. Walker, 741 F. Supp. 2d 912, 918 (N.D. Ill. 2010); accord Cold Spring Harbor Laboratory v. Ropes & Gray LLP, 762 F. Supp. 2d 543, 559 (E.D.N.Y. 2011).

Venue in the Southern District of New York is also not proper under 28 U.S.C. § 1391(b)(2).  "[W]hen a plaintiff relies on [Section] 1391(b)(2) to defeat a venue challenge, a two-part inquiry is appropriate."  Daniel v. American Board of Emergency Medicine, 428 F.3d 408, 432 (2d Cir. 2005).  First, a court must "identify the nature of the claims and the acts or omissions that

5

the plaintiff alleges give rise to the claims." Id. In referring to the "acts or omissions giving rise to the claims," Congress intended for courts to examine the activities of the defendant and not of the plaintiff. Prospect Capital Corp. v. Bender, No. 09 Civ. 826, 2009 WL 490712, at *3 (S.D.N.Y. Dec. 21, 2009) (citing Daniel, 428 F.3d at 432). Second, a court should "determine whether a substantial part of those acts or omissions occurred in the district where suit was filed." Daniel, 428 F.3d at 432. "'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." Id. at 432-33.

Dr. Okereke's argument for venue under U.S.C. § 1391(b)(2) fails under both prongs of the inquiry. First, while the complaint articulates specific acts of the defendant that give rise to the legal malpractice claim,[3] it identifies none that would support

---

[3] In asserting legal malpractice, the complaint alleges that Mr. Allen "stalled for time" to destroy the case, attempted to negotiate for Dr. Okereke to take the USMLE only once instead of three times, did not negotiate for his reinstatement as a student at RUSM, forfeited other opportunities including the pursuit of monetary damages, failed to provide Plaintiff with a copy of the case file, failed to oppose the dismissal of the action with prejudice in July 2012 and failed to protect the plaintiff's rights and interests. (Compl., ¶¶ 16-21; Cassar Decl., ¶ 17; Okereke 6/15/15 Decl., ¶¶ 13-14). These acts by Mr. Allen occurred in New

venue in the Southern District of New York. Rather, Dr. Okereke bases his claim for venue on his own conduct. (Okereke 6/15/15 Decl., ¶¶ 6-11).

Second, even if the acts Dr. Okereke cites in support of venue could be attributed to Mr. Allen, they do not constitute a substantial part of the events or omissions that give rise to the malpractice claim. When analyzing venue in legal malpractice cases, most courts have found that events must relate to "the alleged malpractice [and], not the entire attorney-client relationship" or the underlying action. Cold Spring Harbor Laboratory, 762 F. Supp. 2d at 555 (listing cases). Furthermore, incidental events "that have only some tangential connection with the dispute in litigation are not enough" to support venue. Loeb v. Bank of America, 254 F. Supp. 2d 581, 587 (E.D. Pa. 2003).

Dr. Okereke bases his claim for venue on telephone conversations in connection with the underlying action, execution of the retainer with Mr. Allen, and review of court documents. (Okereke 6/15/15 Decl., ¶¶ 6-11). But, while the telephone conversations likely provided Mr. Allen with information to pursue the case against RUSM, Dr. Okereke does not articulate how these

---

Jersey where Mr. Allen lives, works and conducts business. (Civil Cover Sheet at 2; Allen Cert, ¶¶ 2, 4).

7

calls contributed to any specific acts of malpractice. See <u>Trico Bancshares & Subsidiaries v. Rothgerber Johnson & Lyons LLP</u>, No. 09 CV 1700, 2009 WL 3365855, at *3 (E.D. Cal. Oct. 15, 2009); <u>Cold Spring Harbor Laboratory</u>, 762 F. Supp. 2d at 556.  Similarly, Dr. Okereke has not shown how signing the retainer or reviewing the court documents are substantially related to the claims of professional negligence, and not merely to the general underlying action.  <u>Trico Bancshares & Subsidiaries</u>, 2009 WL 3365855, at *3.

Lastly, venue in the Southern District of New York is not supported under 28 U.S.C. § 1391(b)(3) because, as discussed below, there is another district in which this action may be otherwise brought pursuant to 28 U.S.C. § 1391(b)(1) and (2).  As a result, there is no basis for venue in the Southern District of New York.

B. <u>Subject Matter Jurisdiction and Transfer</u>

If a case is filed laying venue in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); <u>Astor Holdings, Inc. v. Steefel, Levitt & Weiss, P.C.</u>, No. 03 Civ. 1242, 2003 WL 21108316, at *6 (S.D.N.Y. May 14, 2003).  The decision to transfer is within the discretion of the district court. <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1026 (2d Cir. 1993).  However, "in order to transfer a case pursuant to § 1406(a), a court must also have

8

subject matter jurisdiction over an action." Thomas v. Exxon Mobil Oil Corp., No. 2:06 CV 144, 2007 WL 489225, at *6 n.10 (N.D. Ind. Feb. 8, 2007); Findwhat.com v. Overture Services, Inc., No. 02 Civ. 447, 2003 WL 402649, at *3 (S.D.N.Y. Feb 21, 2003).

"Federal courts have original jurisdiction over questions of state law when the dispute is between citizens of different states and the amount in controversy exceeds $75,000." Jordan v. Verizon Corp., No. 08 Civ. 6414, 2008 WL 5209989, at *4 (S.D.N.Y. Dec. 10, 2008) (citing 28 U.S.C. § 1332(a)).[4]  For purposes of diversity jurisdiction, "an individual's citizenship . . . is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). An individual can have only one domicile, which is defined as the location of his "true fixed home . . . to which, whenever he is absent, he has the intention of returning." Id.

Mr. Allen's assertion that the dispute at issue is not between

---

[4] The plaintiff has met the amount in controversy requirement of diversity jurisdiction by claiming $2,790,796.00 in damages against Mr. Allen. (Declaration of Emmanual Okereke dated Feb. 28, 2015, attached as Exh. 1 to Cassar Decl., at 4). Despite Mr. Allen's contention that Dr. Okereke has "no credible proof of loss of $75,000.00 or more" (Allen Cert., ¶ 12), this allegation is sufficient to satisfy the requirement because there is a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Jordan, 2008 WL 5209989, at *4 n.4 (quoting Wolde-Meskel v. Vocational Instruction Project Community Services, Inc., 166 F.3d 59, 63 (2d Cir. 1999)). In any event, the claim that Mr. Allen's alleged malpractice deprived Dr. Okereke of the ability to practice medicine is surely a claim valued at more than $75,000.

citizens of different states is misplaced. The defendant contends that because Dr. Okereke sued as a former student of a New Jersey medical school in the underlying case and because he was not a resident of any state within the United States during most of the time that the underlying matter was pending, diversity is not satisfied. (Letter of John Allen, Esq. dated March 10, 2015, at 2). However, "diversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan v. K N Energy, 498 U.S. 426, 428 (1991). At the time of filing on May 9, 2014, Dr. Okereke was a resident of New York, not of New Jersey or Nigeria. (Civil Cover Sheet at 2). Furthermore, Mr. Allen concedes that Dr. Okereke returned to the United States from Nigeria in the latter half of 2013. (Letter of John Allen, Esq. dated June 11, 2014, attached as part of Exh. 1 to Notice of Motion, at 25). While Dr. Okereke was a citizen of New York at the time of filing, Mr. Allen was a citizen of the state of New Jersey at the time of filing (Civil Cover Sheet at 2), therefore satisfying diversity jurisdiction.

Having concluded that subject matter jurisdiction exists and that venue is not proper in the Southern District of New York, I recommend transfer rather than dismissal. As is often the case, transfer here will allow for the "expeditious and orderly adjudication" of the case on the merits, and is in the interest of justice. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67

10

(1962).

Because Mr. Allen's alleged malpractice originated in New Jersey, where he lives and conducts business, this case could have been brought in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) or (2). Astor Holdings, 2003 WL 21108316, at *7. Therefore, pursuant to 28 U.S.C. § 1406, this case should be transferred to that district. See id.

I do not address the defendant's motion insofar as it seeks dismissal for failure to state a claim and on grounds of res judicata, Rule 11 sanctions, or vacatur of the default judgment. See Cold Spring Harbor Laboratory, 762 F. Supp. 2d at 545 (transferring for improper venue and thus declining to address motion to dismiss); Wausau Benefits, Inc. v. Liming, 393 F. Supp. 2d 713, 718 (W.D. Wis. 2005) (same).

Conclusion

For the reasons set forth above, I recommend that Mr. Allen's motion (Docket nos. 10, 12) be determined as follows: the motion to dismiss for lack of subject matter jurisdiction should be denied; the motion to dismiss the case pursuant to Rule 12(b)(3) for improper venue should be granted in part, and this case should be transferred to the District of New Jersey for further proceedings; all other applications should be denied without prejudice to their being renewed in that jurisdiction.

11

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Lewis A. Kaplan, Room 2240, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           July 29, 2015

Copies transmitted this date to:

Christopher J. Cassar, Esq.
Christopher J. Cassar, P.C.
13 East Carver St.
Huntington, NY 11743

John C. Allen, Esq.
292 Livingston Ave.
Metuchen, NJ 089

12