# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. EMMANUEL OKEREKE, <br><br> Plaintiff, <br><br> v. <br><br> JOHN CHARLES ALLEN, ESQ., <br><br> Defendant. | Civil Action No. 15-7083 (PGS) <br><br> MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff Dr. Emmanuel Okereke's ("Plaintiff") Motion to Quash Defendant John Charles Allen's ("Defendant") subpoena which was served upon Ross University Medical School ("RUMS"). (Docket Entry No. 66). Defendant opposes Plaintiff's motion (Docket Entry No. 78). The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

## I.      Background and Procedural History

This case arises from Defendant's representation of Plaintiff in a lawsuit Plaintiff filed in January 2011 against Ross University Medical School alleging violation of the New Jersey Law against Discrimination, tortious interference, damage of reputation, and breach of contract. *Pl.'s Br. in Supp. of Mot*. at 2.  (hereinafter "the underlying lawsuit")  Plaintiff alleges that in the underlying lawsuit, Defendant Allen committed several acts of malpractice. *See Pl.'s Am. Compl.*, Docket Entry No. 64. Plaintiff alleges that Defendant Allen did not instruct him as to

how to complete discovery responses, resulting in a motion to compel discovery or in the alternative to dismiss the complaint, which resulted in the complaint being dismissed without prejudice. *Pl.'s Am. Complaint*, ¶¶12-17. Plaintiff further contends that Defendant Allen sent him another request to complete discovery but without advising him how to answer the interrogatories. *Id*. at ¶¶18-19. Further that Defendant Allen failed to oppose a motion to dismiss resulting a dismissal with prejudice. Id. at ¶¶33-35. It is conduct of this nature which forms the basis of the instant claim of legal malpractice against Defendant Allen, his attorney in the underlying lawsuit.

On May 9, 2014, Plaintiff filed a complaint in the United States District Court, Southern District of New York seeking damages for Defendants alleged professional negligence. (Docket Entry No. 2). Defendant filed a motion to dismiss (Docket Entry No. 10) which was denied on April 17, 2015 (Docket Entry No. 18). The case was transferred to the United States District Court, District of New Jersey on September 17, 2015. Defendant then filed a motion for sanctions and to dismiss on September 30, 2015 (Docket Entry No. 40) which was denied on September 22, 2016 (Docket Entry No. 60). The instant motion was filed on October 28, 2016. Defendant filed his opposition brief on May 5, 2017 (Docket Entry No. 78) after the Court granted numerous extension requests due to Defendant's medical issues.

## II. Analysis

### A. Standard of Review

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation. Pursuant to Rule 26(b)(1), the scope of permissible discovery is quite broad. Indeed, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…Relevant information need not be admissible at the trial if the discovery appears

2

reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). Nevertheless, while undeniably broad, there are limits to the permissible scope of discovery.

If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon a timely motion by the party served. Fed.R.Civ.P. 45(c)(3). Specifically, four circumstances exist which require the Court to quash or modify a subpoena. Rule 45(c)(3)(A) provides that:

> (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
> (i) fails to allow reasonable time for compliance;
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides…;
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
> (iv) subjects a person to undue burden.
>
> *Id*.

**B. Discussion**

The subpoena at issue in this motion was served upon RUMS on September 20, 2016. *Pl.'s Br. in Supp. of Mot*. at 2. The subpoena seeks to compel the production of:

> "1. The complete academic and student file for [Plaintiff] with Ross University Medical School ("Request 1");
>
> 2. All Documents concerning [Plaintiff's] Dismissal as a student at [RUMS] ("Request 2");
>
> 3. All report cards/grades for [Plaintiff] with [RUMS] ("Request 3");
>
> 4. Any and all other documents concerning [Plaintiff] ("Request 4");
>
> 5. A copy of all legal pleadings filed on or after July 31, 2012 concerning [Plaintiff] ("Request 5");
>
> 6. Any and all documents or things that lawfully permit [Plaintiff] to refer to himself as a Doctor." ("Request 6")

*Id*. at 3.

3

Plaintiff argues that although the subpoena was served upon non-party RUMS, Plaintiff has standing to bring this motion because he has a personal privilege in the information sought from RUMS. *Id*. at 4. Plaintiff states that the subpoena seeks the disclosure of "highly personal, private information related to [Plaintiff's] tenure as a student of [RUMS]." *Id*. at 5.

Plaintiff further argues that the information sought in the subpoena is not relevant because it is not related "to the cause of action at issue here: legal malpractice." *Id*. at 6. Plaintiff contends that the documents sought are not relevant to Defendant's failure to submit discovery responses or failure to oppose a motion to dismiss during his representation of Plaintiff. *Id*. at 6-7. Plaintiff states that Defendant's "only possible purpose in compelling the production of these irrelevant documents is to embarrass, harass, and humiliate Plaintiff." *Id*. at 7.

Additionally, Plaintiff argues that the subpoena seeks the disclosure of private, privileged material. *Id*. at 8. Plaintiff states that there are two types of privacy protected by the Constitution: "One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." *Id*. (citing *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977). Plaintiff argues that the information sought is precisely the type of personal information described in *Whalen* and that Plaintiff "undoubtedly has an expectation of privacy regarding his student and academic records from [RUMS]." *Pl.'s Br. in Supp. of Mot*. at 8.

Plaintiff further argues that "[u]nder New Jersey law, the disclosure of highly personal records as are at issue here can only be compelled on a particularized showing of need" and that Defendant cannot meet that standard. *Id*. at 9. Plaintiff cites *Harmon v. Great Atlantic & Pacific Tea Co*., 273 N.J. Super. 552 (App. Div. 1994), in which the Court held that the intrusion on plaintiff's privacy by seeking to obtain bank statements and credit card receipts was unwarranted

4

absent a showing of need. Plaintiff states that "there is no question that these records are as personal, sensitive and private as the check and credit card records in *Harmon*. *Pl.'s Br. in Supp. of Mot*. at 10. Plaintiff further states that "A person's interest in preserving the confidentiality of sensitive information contained in his personnel files has been given forceful recognition in both federal and state legislation." *Id*. (citing *Detroit Edison Co. v. NLRB*, 440 U.S.301 (1979)).

Finally, Plaintiff argues that the subpoena is unduly burdensome. *Id*. Plaintiff states that the subpoena seeks to compel the production of "the complete academic and student file for Emmanuel Okereke with [RUMS]" and "any and all other documents concerning Emmanuel Okereke." Plaintiff argues that "[t]hese broad sweeping requests fall far short of meeting the particularity requirement of Federal Rule of Civil Procedure 34(b)(1)(a)" which states that a request must describe with reasonable particularity each item or category of items to be inspected. *Id*. at 11-12. Furthermore, Plaintiff states that since RUMS is a non-party, it is afforded a greater protection from discovery than a normal party. *Id*. at 12 (citing *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990).

Defendant argues that the information requested is relevant because Plaintiff is claiming that Defendant's alleged negligence caused Plaintiff to suffer damages and has prevented Plaintiff from being able to practice medicine in the United States. *Def.'s Letter in Opp'n* at 1-2. Defendant asserts that the information requested will show that Plaintiff was not a successful medical student and was academically disqualified from medical school. *Id*. at 2. Defendant contends that Plaintiff's academic records will show that Plaintiff's claims against Defendant are "wholly without merit and that the only just result would be for his complaint…to be dismissed." *Id*.

Plaintiff counters that instead of bolstering Defendant's case, introduction of Plaintiff's

5

"purportedly poor academic performance" would actually strengthen Plaintiff's case against RUMS since Plaintiff alleges that he was given poor grades in a discriminatory and unfair manner. *Pl.'s Reply Letter* at 3. Plaintiff again asserts that his academic record is not relevant to this case as it is a legal malpractice matter. *Id.* Plaintiff cites *Passante v. Yormark*, 138 N.J. Super. 233, 239 (App. Div. 1975) for the assertion that a litigation attorney's duty is to take any steps necessary in the proper handling of the case, including the duty of investigating the facts, formulating a litigation strategy and filing within a reasonable time any action necessary to effectuate recovery. *Pl.'s Reply Letter* at 3.

The Court finds that the information requested is not relevant to this matter. Plaintiff's academic record is not relevant to whether or not Defendant was negligent in his representation of Plaintiff. The Court so finds given that the legal malpractice matter stems from the Defendant's handling of discovery in the underlying lawsuit. Simply put, here Plaintiff alleges that the underlying lawsuit was dismissed because his attorney did not assist him in the preparation of his discovery responses, that his attorney did not ensure that Plaintiff's discovery responses were complete and timely and that his attorney did not oppose a motion to dismiss. The Court is hard-pressed to find that Plaintiff's academic performance record, poor or otherwise, is relevant to the allegations contained in this Complaint.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Quash is GRANTED. An appropriate Order follows.

Dated: June 6, 2017

                                                                            s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**